# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 14-2450 JGB (SPx)** | Date | January 13, 2015 |
|---|---|---|---|
| Title | *Nicholas McNulty v. CRST Van Expedited, Inc., et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order (1) GRANTING Plaintiff's Motion to Remand (Doc. No. 15); (2) REMANDING the Action to the Superior Court of California, County of San Bernardino; and (3) VACATING the January 26, 2015, Hearing (IN CHAMBERS)**

Before the Court is Plaintiff's Motion to Remand. ("Motion," Doc. No. 15.) The Court finds these matters appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers timely filed in support of and in opposition to the Motion, the Court GRANTS Plaintiff's Motion to Remand and VACATES the January 26, 2015, hearing.

## I.   BACKGROUND

On November 27, 2013, Plaintiff Nicholas McNulty ("Plaintiff") filed a representative action under the California Private Attorney General Act of 2004, Labor Code § 2698 et seq. ("PAGA") on behalf of himself and other current and former aggrieved employees against Defendants CRST Van Expedited, Inc., CRST Expedited, Inc., CRST International, Inc., (collectively, "Defendants" or "CRST"), and Does 1-100 in the Superior Court of California, County of San Bernardino. (Compl., Not. of Removal, Ex. A, Doc. No. 1.) Thereafter, Defendants removed the action on the basis of diversity jurisdiction and jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), on January 8, 2014. (Not. of Removal at 2.) On July 18, 2014, the Court remanded the action to the San Bernardino Superior Court, finding that CAFA was inapplicable to a PAGA action and that the amount in controversy did not exceed the jurisdictional amount. See McNulty v. CRST Van Expedited, Inc., EDCV 14-0043 JGB (SPx), slip op. at *1-2, 5-6 (C.D. Cal. July 18, 2014).

On November 26, 2014, Defendants removed this case to federal court for a second time. (Not. of Removal at 1.)  Plaintiff filed a Motion to Remand on December 16, 2014.  ("Motion," Doc. No. 15.)  On January 5, 2015, Defendants opposed with regard to the procedural issues raised in Plaintiff's Motion, pursuant to the Court's December 23, 2014, Order (Doc. No. 23).  (Doc. No. 24.)  Plaintiff replied on January 9, 2015.  (Doc. No. 26.)

## II.  LEGAL STANDARD

Federal courts have original jurisdiction over civil actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and in which there is complete diversity; each plaintiff must be diverse from each defendant.  See 28 U.S.C. § 1332; Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).

The amount in controversy includes the amount of damages in dispute, as well as attorneys' fees, if such fees are authorized by statute or contract.  See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998).  As this Court has previously explained, "attorneys' fees incurred after the date of removal are not properly included because the amount in controversy is to be determined as of the date of removal" and "[f]uture attorneys' fees are entirely speculative."  Davis v. Staples, Inc., No. 13-8937, 2014 WL 29117, at *3 (C.D. Cal. Jan. 3, 2014).  A timely notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 554 (2014).  When facing a motion to remand, however, a removing defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.  See id. at 553-54.

Protecting the jurisdiction of state courts requires removal jurisdiction to be strictly construed in favor of remand.  Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal."  Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted).  "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id. (internal citations omitted).  "[A]ny doubt about the right of removal requires resolution in favor of remand."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus, 980 F.2d at 566).[1]

## III.  DISCUSSION

Plaintiff moves to remand this case, arguing that Defendants improperly removed outside of the thirty-day removal windows set forth in 28 U.S.C. § 1446.[2]  (Mot. at 10-13.)  Defendants

---

[1] The U.S. Supreme Court recently explained that this presumption is inapplicable to cases removed pursuant to CAFA but did not extend that conclusion to "mine-run diversity cases," such as the case presently before this Court.  See Dart, 135 S. Ct. at 554.

[2] Plaintiff further argues that his Motion should also be granted because Defendants' removal is an improper successive removal.  (Mot. at 12.)  Because the Court grants Plaintiff's (continued . . . )

counter that this successive removal is timely because additional attorneys' fees have accumulated since Defendants' first removal and the amount in controversy now exceeds the jurisdictional threshold.  (Not. of Removal at 16-18; Opp'n at 2, 8-10.)

Defendants removed this case on the 364th day after Plaintiff filed his Complaint.  (Not. of Removal at 1-2; Mot. at 1.)  Defendants acknowledge that they removed outside of either of the two thirty-day windows set forth in 28 U.S.C. § 1446 and that they "have not received a post-complaint pleading or other paper" on which removal is based.  (Not. of Removal at 17-18.)  Defendants argue that no thirty-day removal period ever commenced because neither the Complaint nor any document received thereafter specified that damages exceeded the jurisdictional threshold.  (Id.)

The Ninth Circuit has held that a defendant may "remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines."  Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1125 (9th Cir. 2013).  Thus a defendant need not depend upon "receipt . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  See 28 U.S.C. § 1446(b)(3).  Instead, a defendant may remove within a separate removal window after his investigation uncovers information sufficient to demonstrate removability.  See Roth, 720 F.3d at 1125.  For example, in Roth, the defendant's investigation of its own employment files, followed by an interview with one of the plaintiffs, revealed that the plaintiff was a diverse party allowing for federal jurisdiction.  Id.  More recently, the Ninth Circuit further explained that a change in law rendering removable a previously non-removable case may also trigger an additional window during which the defendant may remove.  See Rea v. Michaels Stores Inc., 742 F.3d 1234, 1238 (9th Cir. 2014) (per curiam).

Although the Ninth Circuit has held that changes in the governing law, see Rea, 742 F.3d at 1238, as well as facts previously unknown to a defendant but confirmed through the defendant's investigation, may provide sufficient basis for removing a case outside of the two thirty-day removal periods specified in 28 U.S.C. § 1446, see Roth, 720 F.3d at 1125, the Ninth Circuit has not permitted removal outside of those periods based upon speculation and guesswork by a removing party.  In contrast to the facts of Roth and Rea, Defendants do not ground their removal in facts firmly established through their own investigation or a change in the governing law.  Instead, Defendants essentially speculate as to the number of hours Plaintiff's counsel has expended on this case and assume that the hours billed by Plaintiff's counsel mirror the 308.2 hours for which Defendants' attorneys have billed their clients.[3]  (Not.

---

( . . . continued)
Motion based on the untimeliness of Defendants' removal, the Court need not determine whether the grounds for Defendants' removals are sufficiently different to allow for a second removal attempt.  See Kirkbride v. Cont'l Cas. Co., 933 F.2d 729, 732 (9th Cir. 1991).

[3] Defendants assert that the Supreme Court's recent opinion in Dart requires this Court to allow removal on this basis.  See Dart, 135 S. Ct. at 554 (holding that a timely notice of removal need include only plausible allegations).  However, Dart did not address the requirements for removal outside of the two thirty-day windows set forth in 28 U.S.C. § 1446.

of Removal at 16-17; Opp'n at 10.)  Whereas in Roth, the defendants removed on the basis of conclusive information that they had previously uncovered through their own investigation, Defendants in this case ask the Court to consider their removal timely despite their inability to point to any confirmed facts that justify removal on the 364th day after Plaintiff filed his Complaint.  The Court considers such delayed removal, based solely on conjecture, to be untimely and thus improper.  Accordingly, remand is appropriate.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion and REMANDS this action to the Superior Court of California, County of San Bernardino.  The January 26, 2015, hearing is VACATED.

**IT IS SO ORDERED.**